# UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF KANSAS

**FILED**

JUL - 9 2018

Clerk, U.S. District Court

By: _____ Deputy Clerk

Christopher Neal James

-v-

DHS – US Coast Guard

DoD

Department of Veteran's Affairs

)
)
)
)
)
)
)
)
)
)
)
)

Case No. ___18-4063-DDC-KGS___

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR A CIVIL CASE

## I.    The Parties to This Complaint

### A.    The Plaintiff

Christopher Neal James
PO Box 2266
Topeka, Kansas 66601
(785) 249 – 5079
Christopher.n.james@cox.net

### B.    The Defendants

Defendant No. 1        Commandant, US Coast Guard
2703 Martin Luther King Jr. Ave., S.E.
Washington, D.C. 20593-7000

Defendant No. 2        Department of Defense
1601 Massachusetts Ave., N.W.
Washington, D.C. 20036

Defendant No. 3        Department of Veteran's Affairs
810 Vermont Ave., N.W.
Washington, D.C. 20420

## II.  Basis for Jurisdiction

Reference:  28 U.S.C. § 1331, 28 U.S.C. § 1332, and the amount at stake is more than $75,000.

Basis for federal court jurisdiction is applied to this submission under:

[ X ] Federal Question          [ X ] Diversity of Citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

| | | |
|---|---|---|
| 5th Amend. | 32 CFR § 70.9 | 38 CFR § 4.126 |
| 14th Amend. | 38 CFR § 0.601 | 38 CFR § 4.129 |
| 10 USC § 1553 | 38 CFR § 0.602 | 38 CFR § 4.130 |
| 18 U.S.C. § 241 | 38 CFR § 0.735-11 | 38 CFR § 4.2 |
| 18 U.S.C. § 242 | 38 CFR § 0.735-12 | 38 CFR § 4.3 |
| 42 U.S.C. § 1983 | 38 CFR § 3.102 | 38 CFR § 4.6 |
| 42 U.S.C. § 1985 | 38 CFR § 3.103 (d) | 38 CFR § 4.10 |
| 5 CFR § 2635.101 | 38 CFR § 3.203 | 38 CFR § 4.13 |
| 32 CFR § 66 | 38 CFR § 3.310 | 38 CFR § 17.33 |
| 32 CFR § 70.8 | 38 CFR § 4.125 | 38 CFR § 18b.12 |
| | | |
| KSA 74-5302 | WAC 246-16-020.(4) | DoDI 6130.03.5.28.d |
| | WAC 246-16-810 | UCMJ.107 |

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff, *Christopher Neal James*, is a citizen of the State of Kansas.

2.    The Defendants:

The defendant, *US Coast Guard*, is a Department/Agency of the US Government.

The defendant, *Department of Defense*, is a Department/Agency of the US Government.

The defendant, *Department of Veteran's Affairs*, is a Department/Agency of the US Government.

3.    The amount in controversy is greater than $75,000.00.

---

**III.    Statement of Claims**

Department of Defense, US Coast Guard, and Veteran's Affairs

1. This is an action for restriction to legal counsel.

    i.    During the AD discharge process from the USCG, the plaintiff requested to speak with legal counsel.

    ii.    The plaintiff was advised by the USCG that since the discharge was to be Honorable, counsel would not be available.

    iii.    After the discharge, the plaintiff learned, in more detail, of their legal rights when being processed for discharge.

    iv.    The USCG never obtained a consent showing the plaintiff's waving of rights and still have yet to provide said proof of waiver.

    v.    Along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost the potential that was originally sought by them – a 30 year career with retirement as a USCG Captain (O-6).

    vi.    WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

2. This is an action for restriction to licensed experts (additional opinions).

    i. During the AD discharge process, the plaintiff requested to consult a 2nd doctor for an additional opinion on the diagnosis; the plaintiff calling it into question.

    ii. The USCG advised the plaintiff that a 2nd opinion would not be available since the original was performed by an approved DoD (Army) professional (Ret. Colonel).

    iii. The plaintiff provided a multi-page dispute on the original diagnosis accompanied with additional information; as this was the only action the USCG administration would allow the plaintiff to perform.

    iv. The USCG did not consult any other professionals on the validity of the diagnosis, even when conflicting information and evidence was provided by the plaintiff.

    v. Along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost the potential that was originally sought by them – a 30 year career with retirement as a USCG Captain (O-6).

    vi. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

3. This is an action for restriction to employment.

    i. After the discharge from military service, the plaintiff was unable to return to their previous place of employment because of the stigma of the DD-214 (2005).

    ii. The plaintiff was only able to obtain employment with the very agency that discharged the plaintiff – the USCG.

    iii. The USCG (with assistance from DoD) applied a discharge stigma upon the plaintiff, which is easily discernable by society as DD-214 codes are readily searchable on the internet.

    iv. The defendants have prevented over 98% of the plaintiffs applications/resumes to federal, state, commercial, and private employers from proceeding in the hiring process – the other 2%

    is USCG hiring or placement.

  v. The potential losses to the plaintiff are not accurately calculable because of the varying 200$^{+}$ applications submitted by the plaintiff's after their discharge from service.

  vi. Along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost the potential that was originally sought by them – a 30 year career with retirement as a USCG Captain (O-6).

  vii. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under the reasonable and just aspect of having been prevented from accepting jobs of greater potential, including plaintiff's realistic legal fees and costs.

4. This is an action for neglect/violation to federal regulation.

  i. During the AD discharge, the USCG ordered the plaintiff to perform a psychological evaluation (official orders were given) while under escort.

  ii. The USCG's act of having an escort shows that they thought the plaintiff was a danger to themselves or others.

  iii. The plaintiff was told that the reason for the evaluation was for the change-in-rate process submitted by the plaintiff and signed off (endorsed) by the plaintiff's unit (MLB Station Coos Bay).

  iv. The USCG directed the professional to perform the evaluation yet did not require evidence from the professional for a diagnosis of Personality Disorder to discharge the plaintiff.

  v. Along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost the potential that was originally sought by them – a 30 year career with retirement as a USCG Captain (O-6).

  vi. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

5. This is an action for neglect/violation to agency regulation.

    i. During the final year of AD, the DoD performed a psychological evaluation (on behalf of the USCG) with the plaintiff based upon the request of a Registered Nurse.

    ii. The plaintiff never sat down with a Doctor at the USCG Medical unit in North Bend, OR, or any other professional prior to that evaluation.

    iii. The USCG did not follow agency regulations or ensure that the DoD professional followed agency regulation (DoD, USCG, or otherwise).

    iv. The DoD did not obtain proper signatures from the USCG when processing the evaluation or recommendation for discharge.

    v. Along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost the potential that was originally sought by them – a 30 year career with retirement as a USCG Captain (O-6).

    vi. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

6. This is an action for neglect/violation to reasonable proceedings.

    i. During the plaintiffs DRB (USCG) submission, a timeline of 6 to 8 months was provided to the plaintiff by the board.

    ii. The full process took nearly a year and resulted in a deferment to a higher authority – extending the process even more.

    iii. The plaintiff provided a 2nd professional opinion which called into question the original diagnosis and stated that the plaintiff was discriminated against for philosophical and physical practices (fitness practices) while on AD.

    iv. The USCG DRB explained this result as the board not having professional knowledge on the topic at hand and directed the plaintiff to submit through the BCMR.

    v. The USCG DRB failed to follow DRB regulations on obtaining the required knowledge base for the claim and thus both delayed

the results and deferred the responsibilities; resulting in adding to the already decade long episode.

vi.   The USCG failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic.

vii.   Along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost the potential that was originally sought by them – a 30 year career with retirement as a USCG Captain (O-6).

viii.   WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

7.   This is an action for neglect to good faith efforts.

i.   During AD (DoD evaluation and USCG discharge), the USCG DRB, USCG BCMR, and Congressional Inquiries, the plaintiff has followed all requirements to the best of their ability.

ii.   The plaintiff has obtained all copies from the National Archives, USCG PSC/PPC, USCG HQ, and other Federal Agencies (usually delivered to the plaintiff at the greater timeframes allotted those entities).

iii.   The USCG, having obtained both the plaintiff's copy of documents and their own, did not result in a making whole the plaintiff, but instead deferred, denied, and corrected to a minimal degree – while not changing the essence of any of the events the plaintiff had acted upon them by the defendants.

iv.   The USCG (with assistance from DoD) believed themselves not obligated to make any correction of substance to the plaintiff.

v.   The plaintiff was thus given what would be a "Trojan DD-214" (2015) and escalating the multitude of issues the plaintiff has experienced and negating any hope of closure.

vi.   The USCG failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic.

vii.   Along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost the potential that was originally

sought by them – a 30 year career with retirement as a USCG Captain (O-6).

    viii.    WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

8. This is an action for providing false statement.

    i.    The original evaluation (performed by the DoD under the request of the USCG) stated that the plaintiff would not be able to conform to, or live under, the environment of the USCG or be able to work overseas.

    ii.    The USCG (USCG - Personnel Service Center (PSC) as it is known today) affirmed this statement during the AD discharge, USCG DRB, USCG BCMR, and Congressional Inquiry.

    iii.    As PSC is part of the plaintiff's chain-of-command this contradicts their statement four times.

    iv.    The USCG has invalidated the plaintiff's existence with these statements and shows back-peddling on this recognized guilt by their actions during the DRB and BCMR processes.

    v.    The USCG failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic.

    vi.    To the knowledge of the plaintiff – there is no legal calculation for the invalidating of an individual, unless viewed as property, and along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost the potential that was originally sought by them – a 30 year career with retirement as a USCG Captain (O-6).

    vii.    WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole in-proportion to that which was invalidated, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

9. This is an action for libel defamation.

    i.    The USCG (assisted by the DoD) issued a DD-214 (2005) stating that the plaintiff had a Personality Disorder.

    ii.    The diagnosis, aka the libel defamation called into question, resulted in years of stigma which the plaintiff has not overcome.

    iii.    Those hardships placed upon the plaintiff by the defendants, required additional attention and resources that could have been channeled to more productive endeavors.

    iv.    The defendants failed to act during the AD discharge, USCG DRB, and USCG BCMR, thus continuing to affirm the libel.

    v.    The DD-214 re-issued in 2015 by the USCG BCMR emphasized that the plaintiff was discharged do to immaturity or an adjustment disorder.

    vi.    It is assumed that adjustment disorder is the intent of the USCG BCMR.

    vii.    The USCG BCMR unilaterally assigned "adjustment disorder" to the plaintiff while not providing evidence as to how it concluded such or that said evidence was provided by a professional.

    viii.    It was not until after the USCG BCMR that the VA diagnosis of adjustment disorder was placed upon the plaintiff; which speaks to the USCG's influencing the outcomes of VA claims submitted by the plaintiff.

    ix.    The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic.

    x.    The defendants have thus taken steps to jeopardize the plaintiff's present employment and all future employment opportunities.

    xi.    Along with career pay and entitlements lost (greater than $75,000.00) and all future VA percentage entitlements, the plaintiff has lost all past opportunities (a 30 year career with retirement as a USCG Captain (O-6)) and the potential of additional future VA benefits.

    xii.    WHEREFORE plaintiff prays the court will award them relief as to be made whole in-proportion to that which was lost or jeopardized, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

10. This is an action for slander defamation.

    i.    Slander defamation is an effect of the libel, as the plaintiff works

for the very agency that libeled them – the USCG.

    ii. Through the action of word-of-mouth, the results of the libel have been disseminated throughout the USCG (not just the single unit) the plaintiff works for.

    iii. The USCG, through this act of gossip, has perpetuated the slander, since they have not taken action to correct the injury.

    iv. The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic.

    v. Along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost the potential that was originally sought by them – a 30 year career with retirement as a USCG Captain (O-6).

    vi. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

11. This is an action for injury to person (mentality/psyche).

    i. The USCG (assisted by the DoD) discharged and facilitated the subsequent events from all the defendants, has created a continuous onslaught of stress upon the plaintiff's mental state, and has left them mentally and physical fatigued.

    ii. The USCG, now the plaintiff's civilian employer, continues to hold the plaintiff as a mental hostage on account that the plaintiff is in a modern day form of servitude.

    iii. The USCG's daily reminder to the plaintiff is to have them work for an agency, within a high walled cubical, while stating that they do not exist; a herculean exercise requiring critical thinking worthy of Nietzsche.

    iv. Though the VA has linked the plaintiff's present mental condition to the events (and the event itself) that resulted in the plaintiff's AD discharge, the defendants refuse to fully diagnosis with present evidence.

    v. The plaintiff continues to accumulate damages from the military, both AD and Civilian (greater than $75,000.00), while the VA

      denies claims (more than $400,000 in entitlements) causing

      undue stress upon the plaintiff multiple times over.

  vi.  The defendants failed to correct a known issue; as both the DoD

      and USCG were part of a congressional hearing of this topic.

  vii.  Along with career pay and entitlements lost (greater than

      $75,000.00) and all future VA percentage entitlements, the

      plaintiff has lost all past endeavors (a 30 year career with

      retirement as a USCG Captain (O-6)) and the potential of

      additional future VA benefits.

  viii.  WHEREFORE plaintiff prays the court will award them money

      damages and such other relief as to be made whole, under

      reasonable and just circumstances, including plaintiff's realistic

      legal fees and costs.

12.  This is an action for injury to person (sheut).

  i.  The defendants have stated that the plaintiff cannot live in a

      Coast Guard environment or lifestyle and have re-affirmed this

      statement four times.

  ii.  Thus the record speaks to the opinion that the US government has

      invalidated the essence of the plaintiff's sheut.

  iii.  The defendants, with multiple opportunities, refuse to return the

      plaintiff's property, resulting in injury to over 30 years of past

      life and the potential of decades of future life; both being tangible

      (monetary work and investments) and intangible (memories,

      emotions, etc.).

  iv.  The defendants failed to correct a known issue; as both the DoD

      and USCG were part of a congressional hearing of this topic.

  v.  Along with career pay and entitlements lost (greater than

      $75,000.00), the plaintiff has lost all past endeavors (a 30 year

      career with retirement as a USCG Captain (O-6)) and the

      potential of additional future self.

  vi.  WHEREFORE plaintiff prays the court will award them money

      damages and such other relief as to be made whole in-proportion

      to that which was injured, under reasonable and just

      circumstances, including plaintiff's realistic legal fees and costs.

13. This is an action for seizure of property.

    i. The plaintiff's sheut has been kidnapped, held hostage, and damaged; yet can been repaired.

    ii. The act of affirming and re-affirming statements and actions taken against the plaintiff show the seizure of both the tangible and intangible personnel property of the sheut.

    iii. The refusal to make a correction to previous actions holds hostage the potential monetary resources and other items of career and a life lived.

    iv. The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic.

    v. Along with career pay and entitlements lost (greater than $75,000.00), the plaintiff has lost all past endeavors (a 30 year career with retirement as a USCG Captain (O-6)) and the potential of additional future self.

    vi. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole in-proportion to that which was seized, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

14. This is an action for breach of contract.

    i. Regardless the result of the USCG BCMR and DD-214 (2015) the defendants still affirm the termination of the plaintiff's 2003 contract of service, including the potential of a continued career.

    ii. Programs for both immaturity and adjustment disorder (as stated by the USCG BCMR) were present at the time of the AD discharge and were not provided to the plaintiff, notwithstanding the change to the DD-214.

    iii. The USCG has refused to honor the written contact (that illustrates the USCG Core Values) between the defendant and plaintiff showing an intentional breach of contract on the part of the defendants.

    iv. The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic.

    v. Along with career pay and entitlements lost (greater than

$75,000.00), the plaintiff has lost the potential that was originally sought by them – a 30 year career with retirement as a USCG Captain (O-6).

vi. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

15. This is an action for malice.

i. When considering the whole of the plaintiff's experiences, both during AD and after discharge, the defendants show a habit of ratifying all the past actions from all the defendants, leading to a complacency that results in malice.

ii. As the cumulative intent of all the minor actions performed by representatives of the US Government have been with an intention of ill will (gross neglect, deferment of judgements, unanswered congressional inquiries, dismissing of evidence, etc.) showing that the US Government wants the plaintiff to become another statistic (negative connotation applied) in the Veterans Affairs' database.

iii. The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic.

iv. Along with career pay and entitlements lost (greater than $75,000.00) and all future VA percentage entitlements, the plaintiff has lost all past endeavors (a 30 year career with retirement as a USCG Captain (O-6)) and the potential of additional future VA benefits.

v. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

Department of Veteran's Affairs

16. This is an action for neglect/violation to federal regulation.

i. After the plaintiff's AD discharge, the plaintiff learned that they were eligible for VA benefits other than the GI Bill.

ii. The plaintiff scheduled an appointment to begin the VA's Compensation and Pension Exam.

iii. There were two distinct parts: the physical and the mental.

iv. The VA examiner noted during the exam corrections from the plaintiff regarding the sought after points of injury submitted by the DAV; yet continued to only evaluate those items that were incorrectly listed.

v. The VA, during the mental examination in 2006, advised the plaintiff that there was nothing wrong with an adjustment disorder and excused the plaintiff without reviewing the original 2005 examination or examining the plaintiff for evidence.

vi. Thus the VA refused to take action at their first opportunity for correction.

vii. The VA concluded that the physical examination was to award 0% for an issue not originally listed by the plaintiff and no percentage for the injuries related to the car accident, boat accidents, or adjustment disorder.

viii. This results from the VA's Compensation and Pension Exam being skewed while still notating that the plaintiff's attempts to correct the issues at the first opportunity shows a lack of consideration to the plaintiff, VA values, and federal regulations.

ix. The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic and were not consulted by the VA.

x. The plaintiff continues to accumulate damages from denied VA claims, all potential future VA percentage entitlements, and related benefits, resulting in the potential of millions of dollars lost in a lifetime.

xi. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

17. This is an action for neglect/violation to agency regulation.

i. The plaintiff learned of the full depth of an Axis II Personality

Disorder when taking an on-campus Abnormal Psychology class (ironic in nature – knowing the diagnosis parameters of adjustment disorder).

ii. The plaintiff asked for assistance from the Mental Health division of the VA with a request to obtain an evaluation for correcting the perceived (later verified) misdiagnosis.

iii. The VA neglected that request by refusing to give one, violating regulations and the very nature of the department.

iv. The plaintiff was thus forced to search for other means of obtaining the required testing – finally obtaining professional help through their own funding and 3rd party.

v. With the VA's blatant disregard to the plaintiff, the VA perpetuated the stigma, financial stress, and malice accumulated over the years upon the plaintiff.

vi. The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic and were not consulted by the VA.

vii. The plaintiff continues to accumulate damages from denied VA claims, all future VA percentage entitlements, and related benefits, resulting in the potential of millions of dollars lost in a lifetime.

viii. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

18. This is an action for neglect/violation to reasonable proceedings.

i. During the plaintiffs USCG DRB submission, the plaintiff requested assistance from the VA.

ii. The VA refused to take action on the plaintiff's request-for-service, which the plaintiff was entitled to.

iii. It was not until after the USCG DRB result that the VA provided any mental services to the plaintiff.

iv. Once the plaintiff provided the 2nd professional opinion and USCG DRB statements to the VA, which called into question the

VA's original statements and acceptance of the 2005 evaluation, the VA attempted to back-peddle and provide services.

v. The VA results from valid testing showed a personality typing but was unable to assign any diagnosis – which appears to be a US Government requirement regardless if one is *not* present.

vi. As the VA could have performed all of these tests in 2006 it speaks to the failing, neglect, and desertion, by the VA to assistance the plaintiff.

vii. The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic and were not consulted by the VA.

viii. The VA's actions of neglect prolonged the USCG DRB submission process (and subsequent actions) and continued the plaintiff's injury to sheut and continues to accumulate damages from denied VA claims, all future VA percentage entitlements, and related benefits, resulting in the potential of millions of dollars lost in a lifetime.

ix. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

19. This is an action for neglect/violation to good faith efforts.

i. During the various VA claim submissions, the plaintiff has followed all requirements to the best of their ability, with the assistance of Veteran Advocate Organizations.

ii. The plaintiff has obtained all copies from the State DVA and the VA; each having access to records – sometimes each having different documents altogether.

iii. The VA, having been given all relevant information for the most recent claim submission, set up an exam to evaluate the claim of adjustment disorder.

iv. The professional directed to perform the exam, on behalf of the VA, canceled the first appointment, neglected to show up to their own rescheduled second appointment, and the third appointment

had to be rescheduled as the plaintiff's supervisor (USCG) refused to allow the plaintiff medical leave (note that this resulted in a Union Grievance as it violated the Unit's MLA contract).

v. The fourth appointment saw the plaintiff successfully into the professional's office for a 45 minute (intake) with no testing or follow ups.

vi. The VA used this professional's results to establish a diagnosis of last resort – violating federal, state, and ethical practices.

vii. Again the US Government showed the intent to injure the plaintiff as it has now given them a Schizophrenic Spectrum diagnosis, which is worst then the original diagnosis of Schizoid Personality and in the opposite direction of severity from Adjustment Disorder.

viii. The opinion of the VA, in its acceptance of this exam, has no grounds and even contradicts past VA testing and findings.

ix. The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic and were not consulted by the VA.

x. The plaintiff continues to accumulate damages from denied VA claims, all future VA percentage entitlements, and related benefits, and had jeopardized present and future employment, has resulted in the potential of millions of dollars lost in a lifetime.

xi. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

20. This is an action for restrictions to employment.

i. The plaintiff was able to obtain a seasonal job with a Distribution Center, not to exceed 179 days with the potential of permanent placement.

ii. Because of the injury from a car accident while on AD, the plaintiff experienced an episode of being off balance while working the warehouse job.

iii. The warehouse management required the plaintiff to obtain a

cleared status for work – which the VA stated had to be done by the VA or it wouldn't be accepted by the VA (which would jeopardize future claims).

iv. The plaintiff was physically able to return to work 2 weeks after the event, but because of the delays in getting appointments and the VA's unwillingness to work with the plaintiff, they were unable to quality for the permanent positions and resulted in the plaintiff losing over $10,000.00 on the seasonal contract and all additional monies from a permanent position.

v. The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic and were not consulted by the VA.

vi. The plaintiff continues to accumulate damages from denied VA claims, all future VA percentage entitlements, and related benefits, and had jeopardized present and future employment, has resulted in the potential of millions of dollars lost in a lifetime.

vii. WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

21. This is an action for refusing to accept documents of fact for evidence.

i. The plaintiff submitted to the VA a new claim through the VFW with the DD-214 (2015) attached.

ii. The VA received the claim, set up the comedy of appointments, and processed it in violation of regulations.

iii. The VA's conclusion was that the plaintiff didn't have an adjustment disorder, that they were discharged from the military for schizoid personality disorder (which is not entitled to percentage), and that the comp & pen exam resulted in the plaintiff having delusional disorder (without any history of such a schizophrenic spectrum).

iv. Thus the VA didn't review any paperwork (as the VA's own records showed adjustment disorder connected to service and discharge), refused the re-issued 2015 DD-214 (going back to the

2005 DD-214), and placed upon the plaintiff a scapegoat diagnosis of greater severity and social stigma.

    v.   The plaintiff has losses in multiple areas that would have been entitled to them for the remainder of their life by the actions of the VA:

        1.   The VA refuses to work with itself – the VA appears to be a place which the plaintiff cannot obtain effective services which accept its own records.

        2.   The VA refuses to accept legal documents from other agencies – thus the plaintiff cannot expect a fair review on any present or future claims.

        3.   The VA arbitrarily assigns diagnosis without consulting any items of evidence and in turn has jeopardized present and future employment of the plaintiff.

    vi.   The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic and were not consulted by the VA.

    vii.   The plaintiff continues to accumulate damages from denied VA claims, all future VA percentage entitlements, and related benefits, which has resulted in the potential of millions of dollars lost in a lifetime.

    viii.   WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

## The US Government

22. This is an action for gross negligence by the US Governing bodies and Agencies.

    i.   The plaintiff, being a member of the military, civil work force, and veteran, has raised their hand in oath to the US Government multiple times.

    ii.   The plaintiff, has spent over 13 years working on correcting just one issue (and ensuing actions) – the original discharge in 2005.

    iii.   The defendants have continuously acted, in a cumulative fashion,

against the plaintiff resulting in acts of maliciousness.

iv.  The plaintiff has thus lost the validity of their family, friends, co-workers, citizenship, education, and a multitude of intangible items that are defined by plaintiff's sheut -- all incalculable to a monetary amount.

v.  The defendants failed to correct a known issue; as both the DoD and USCG were part of a congressional hearing of this topic and were not consulted by the VA.

vi.  The plaintiff continues to accumulate damages from denied VA claims, all future VA percentage entitlements, and related benefits, and had jeopardized present and future employment, has resulted in the potential of millions of dollars lost in a lifetime.

vii.  WHEREFORE plaintiff prays the court will award them money damages and such other relief as to be made whole, under reasonable and just circumstances, including plaintiff's realistic legal fees and costs.

In addition to the above – the plaintiff prays the court will award them with obtaining a series (minimum of 3) of 30 minute meeting slots with White House Officials for a US Project Proposal (similar to Masdar City) for the benefit of the people of the USA; ideally to include a greeting and briefing to the Commander-in-Chief.

## IV.   Relief

To have the plaintiff (person, sheut, financial, etc.) made whole in proportion to that which was originally held hostage, invalidated, and injured; to be awarded money damages calculated per the Attachment (1); the Commissioning to O-6 (specifics of said promotion to be negotiated); PCS Orders to attend the Graduate School of the plaintiff's selection (pending acceptance to said school); and a return to service under the aforementioned commission (specifics to be negotiated).

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

1.  Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2.  Is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

3.  The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4.  The complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Signature of Plaintiff: _____   Date: 7/9/2018

Printed Name of Plaintiff: Christopher Neal James

I designate Topeka, KS as place of trial.