# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER NEAL JAMES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-4063-DDC |
| U.S. COAST GUARD, *et al.*, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Based on the Tenth Circuit's decision in *Lister v. Department of the Treasury*,[1] this Report and Recommendation is submitted to the district judge. For the reasons stated below, the magistrate judge recommends that the district judge deny plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3).

Pursuant to 28 U.S.C. § 1915(a), the court may authorize commencement of a civil action "by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the trial court.[3] In denying these motions, however, courts must not act arbitrarily or deny the application on erroneous grounds.[4] Rather, courts

---

[1] 408 F.3d 1309, 1311-12 (10th Cir. 2005).

[2] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[3] *Id.* (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. April 23, 1999)).

[4] *Lister*, 408 F. 3d at 1312.

generally compare an applicant's monthly expenses to income.[5] The court may also consider an applicant's equity in automobiles and real estate[6] and the amount of cash the applicant has on hand.[7]

Plaintiff's affidavit of financial status states that plaintiff is employed and has no dependents. His monthly income appears to exceed his and his wife's monthly expenses by more than $1,200. He reports significant assets in the form of real estate and two motor vehicles, although one vehicle is apparently inoperable. He also reports a significant amount of funds in his bank accounts. Plaintiff has not established that his access to the court would be seriously hampered by requiring him to pay the filing fee, and he has not established an inability to pay the filing fee. For these reasons, the magistrate judge recommends plaintiff's motion be denied and that he be ordered to pay the $400 filing fee within fourteen (14) days from the date the district judge issues a ruling regarding this Report and Recommendation.

Pursuant to 28 U.S.C.§ 636(b)(1) and Fed. R. Civ. P. 72, plaintiff shall have fourteen (14) days after service of a copy of this Report and Recommendation to file any written objections. A

---

[5] *See, e.g., Mays v. Kansas City*, No. 15-9047-CM, 2015 WL 3948101, at *1-2 (D. Kan. June 29, 2015) (adopting a report and recommendation that a motion be denied where plaintiff's monthly income exceeded her monthly expenses by more than $500); *Alexander v. Wichita Housing Auth.*, No. 07–1149–JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (adopting report and recommendation that motion be denied where plaintiff's monthly income exceeded his monthly expenses by more than $700); *Patillo v. N. Am. Van Lines, Inc.*, No. 02–2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (denying motion where plaintiff and spouse had monthly income of $2,000 and monthly expenses of $1,715); *Webb v. Cessna Aircraft*, No. 00–2229, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying plaintiff's motion where her monthly income exceeded her monthly expenses by approximately $600); *Buggs v. Riverside Hosp.*, No. 97–1088–WEB, 1997 WL 321289, at *2 (D. Kan. Apr. 9, 1997) (denying plaintiff's motion where plaintiff had monthly income of approximately $1,500 and monthly expenses of $1,115).

[6] *See Scherer v. State*, No. 06-2446-JWL, 2006 WL 3147731, at *2 (D. Kan. Nov. 1, 2006) (stating that the IFP statute implies that the court is to consider all assets, not just the movant's income and noting that federal courts have historically considered assets such as equity in real estate and automobiles).

[7] *See, e.g., Gilmore v. Ingram*, No. 12-1212-MLB-KGG, 2012 WL 3589493, at *1 (D. Kan. July 3, 2012) (considering the amount of cash on hand).

party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

    Dated July 13, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
