# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER NEAL JAMES,

    Plaintiff,

v.

U.S. COAST GUARD, COMMANDANT, DEPARTMENT OF DEFENSE, AND U.S. DEPARTMENT OF VETERANS AFFAIRS,

    Defendants.

Case No. 5:18-CV-04063-HLT

## MEMORANDUM AND ORDER

Plaintiff Christopher Neal James filed this civil action against Defendants United States Coast Guard, the Department of Defense, and the Department of Veterans Affairs. James has asserted both federal-question jurisdiction under a myriad of federal statutes and regulations, and diversity jurisdiction for his numerous claims, all of which arise out of either his discharge from the Coast Guard or his claim for VA benefits. Defendants have filed a motion to dismiss under Rules 8(a)(1), 12(b)(1), and 12(b)(6). Doc. 21.

Because James has not established any valid basis for jurisdiction, including the requisite waiver of sovereign immunity, the Court grants Defendants' motion to dismiss.

## I. BACKGROUND

James's complaint is short on factual details. But it appears this case arises from James's discharge from the Coast Guard in 2005. *See* Doc. 1 at 19. The discharge was based on a diagnosis of schizoid personality disorder, which James disputed and for which he sought a second opinion. *Id.* at 4, 17-18; Doc. 26 at 2. He was denied a second opinion because the diagnosis had come from an approved professional. Doc. 1 at 4. James also alleges problems with the manner and process of his discharge proceedings. *Id.* at 4-7. He alleges certain regulations were violated in his "final

1

year of AD," and that Defendants violated other regulations after his discharge when he sought review through the "DRB" and "BCMR."[1] *Id*. at 5-9. James also alleges various tort claims related to his discharge, including false statements, libel, slander, malice, and injury to and seizure of his "mentality/psyche" and "sheut," as well as a breach of his 2003 service contract with the Coast Guard. *Id*. at 8-13.

After his discharge in 2005, James was issued a DD-214 that he says stigmatized him. Accordingly, he claims has been prevented from obtaining other "jobs of greater potential" and was only able to obtain civilian employment with the Coast Guard. *Id*. at 4-5. James also challenges the denial by the Department of Veterans Affairs of his request for benefits. *Id*. at 13-19.

James's complaint lists 35 constitutional provisions, federal statutes, federal and military regulations, and state statutes that he says are at issue in this case, in addition to 22 separate claims for relief. But his complaint does not tie any of those provisions to any specific claim, or to any of particular facts. *Id.* at 2. James's purported claims include "restriction to legal counsel"; "restriction to licensed experts (additional opinions)"; "restriction to employment"; "neglect/violation to federal regulation"; "neglect/violation to agency regulation"; "neglect/violation to reasonable proceedings"; "neglect to good faith efforts"; "providing false statement"; "libel defamation"; "slander defamation"; "malice"; injury to James's "mentality/psyche" and "sheut"; "seizure of property"; "breach of contract"; "refusing to accept documents of fact for evidence"; and "gross negligence by US Governing bodies and Agencies." *See generally id*. For these claims, James seeks damages in excess of $75,000 on most claims, lost

---

[1] James's complaint does not define these acronyms, as Defendants point out. But Defendants believe "DRB" refers to the Discharge Review Board, and "BCMR" refers to the Board of Correction of Military Records of the Coast Guard. Doc. 22 at 3 n.2. Additionally, a "DD Form 214" is a Certificate of Release or Discharge from Active Duty. *Id.* at 3 n.1. The Court infers from the context that "AD" refers to active duty.

VA benefits, and "the Commissioning to O-6 (specifics of said promotion to be negotiated); PCS Orders to attend the Graduate School of the plaintiff's selection (pending acceptance to said school); and a return to service under the aforementioned commission (specifics to be negotiated)." *Id*. at 20.[2]

## II.  STANDARD

The Court may dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1). "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Defendants challenge James's complaint under Rule 12(b)(6) and Rule 8(a)(1), in additional to Rule 12(b)(1). Based on that, it appears Defendants are mounting such a facial attack.

In a facial attack, a court accepts the allegations in the complaint as true.[3] *Holt*, 46 F.3d at 1002. But that acceptance does not extend to conclusory allegations, unwarranted inferences, or legal conclusions. *Turner v. United States*, 501 F. App'x 840, 842 (10th Cir. 2012).

It is a plaintiff's burden to establish subject-matter jurisdiction. *Id.* at 843. In cases against the United States or its agencies, like this one, a plaintiff's burden is twofold. First, the plaintiff

---

[2]  James's response attempts to downplay the extent of this requested relief. Doc. 26 at 6. The complaint also includes a prayer that the Court award "a series (minimum of 3) of 30 minute meeting slots with White House Officials for a US Project Proposal (similar to Masdar City) for the benefit of the people of the USA; ideally to include a greeting and briefing to the Commander-in-Chief." Doc. 1 at 20. But James's response to the motion to dismiss states that this request "is a separate request for assistance in obtaining meetings that are dually vetted through other administrative processes related to the Executive Branch and require no direct Judgement [sic] from the Court." Doc. 26 at 7.

[3]  An alternative is a factual attack, which looks beyond the complaint to the facts on which subject-matter depends. *Holt*, 46 F.3d at 1003. James's complaint referenced an "Attachment (1)" that was somehow omitted when his complaint was originally filed. *See* Doc. 1 at 20. After Defendants pointed this out in the motion to dismiss, James filed "Attachment (1)" as an exhibit to his opposition to the motion. Doc. 26-1. Attachment (1) appears to contain about 500 pages of factual material, including a timeline of James's time in the Coast Guard; his military personnel record; his medical record; his mental health evaluation in 2005 and a second opinion from 2011; the results of James's Discharge Review Board proceedings in 2012; a VA mental health assessment from 2013; the results of his BCMR proceedings in 2015; and James's revised DD-214 from 2015. However, because the Court is evaluating James's complaint for jurisdiction on its face, it need not—and does not—consider these materials in reaching its decision.

3

must show that the claim is one over which a federal court has jurisdiction. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). Second, the plaintiff must identify the waiver of sovereign immunity that allows him to sue the government. *Id.* This is because the United States, as sovereign, is generally immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States—or its agencies, like Defendants here—can only be sued where it has consented to be sued, and then only under the terms of that consent. *Id.*; *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). Any such waiver must be explicit and unequivocal. *Weaver*, 98 F.3d at 520. If there is no waiver of sovereign immunity for the claims against the government, the court lacks jurisdiction. *Id.*

## III. ANALYSIS

The Court has reviewed James's complaint. James asserts jurisdiction under both diversity (28 U.SC. § 1332) and federal question (28 U.S.C. § 1331). Doc. 1 at 2. With regard to federal-question jurisdiction, the complaint contains a table listing 35 federal and state statutes, regulations, and federal constitutional provisions that James contends are at issue, though none of the actual claims specifically reference or incorporate any of those listed statutes or regulations. James also appears to assert various tort claims. At least one claim alleges a breach of contract. The remaining claims relate to the denial of James's VA benefits. Each of these potential jurisdictional bases is addressed in turn.

### A. Diversity jurisdiction is not proper in suits against government agencies.

James's complaint asserts jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Doc. 1 at 2. In response to the motion to dismiss, James explains that "the parties are composed of citizens of different states designated from the authority given by the District of Columbia." Doc 26 at 4. But the only named defendants are the Coast Guard, the Department of Defense, and the

Department of Veterans Affairs. There are no individual defendants. *See* Doc. 1 at 3. The United States and its agencies are not considered citizens of any particular state for purposes of diversity jurisdiction. *Kelly v. Wilson*, 2010 WL 3927571, at *2 (D. Kan. Oct. 4, 2010); *Kinnell v. Sec'y of Veterans Affairs*, 1998 WL 1054226, at *2 n.1 (D. Kan. Dec. 9, 1998). Nor would diversity of citizenship alone establish the necessary waiver of sovereign immunity in a suit against a government agency. Accordingly, James cannot survive a jurisdictional challenge by relying on 28 U.S.C. § 1332.

**B. None of the statutes, regulations, or constitutional provisions cited authorize a cause of action or otherwise establish jurisdiction in this case.**

James also asserts federal-question jurisdiction under 28 U.S.C. § 1331, listing numerous federal statutes, regulations, and constitutional provisions that he says are at issue. Doc. 1 at 2. However, because "general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the Government's sovereign immunity, a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction." *Pueblo of Jemez*, 790 F.3d at 1151 (quoting *Normandy Apartments, Ltd. v. United States Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir.2009)). In other words, although the Court may have jurisdiction over federal questions generally, jurisdiction over federal questions in cases against the United States or its agencies only exists when coupled with a waiver of sovereign immunity. Such a waiver must be explicit and unequivocal. *Weaver*, 98 F.3d at 520.

The Court has examined the 35 statutes and regulations listed by James. None include a private cause of action, let alone demonstrate a waiver of sovereign immunity. As it is James's burden to establish subject-matter jurisdiction, *Turner*, 501 F. App'x at 843, the Court declines to comb through each provision in an attempt to make James's case for him. But it will highlight the problems generally.

5

Two cited provisions are criminal statutes, and a third is a provision in the Code of Military Justice, none of which permit James to sue the United States. Three of the provisions are state laws regarding medical licensure and sanctions for wayward medical providers, again none of which permit James to sue the United States. Both the 14th Amendment to the Constitution and 42 U.S.C. § 1983 apply to <u>state</u> actors, not federal agencies, and thus do not waive sovereign immunity as to federal defendants. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). Similarly, although 42 U.S.C. § 1985 creates a private cause of action for certain civil rights violations, it does not waive sovereign immunity and allow suits against the United States. *Persons v. Runyon*, 998 F. Supp. 1166, 1173 (D. Kan. 1998).

With regard to the 5th Amendment, although a cause of action against <u>individual federal agents</u> may be permitted in some circumstances under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court has specifically rejected *Bivens* actions by enlisted military personnel against superior officers. *Chappell v. Wallace*, 462 U.S. 296, 304 (1983). Further, James has only sued federal <u>agencies</u>, and constitutional tort claims against the United States and its agencies are not permitted. *F.D.I.C.*, 510 U.S. at 477-78. James also cites to 10 U.S.C. § 1553, which establishes certain boards to review military discharge orders. The Court finds nothing in that provision that contains any private cause of action, nor any waiver of sovereign immunity.[4] The remaining provisions cited are federal regulations, none of which contain a private cause of action, let alone an explicit waiver of sovereign immunity.

---

[4] James does not cite to any statutory provision that permits judicial review of a DRB or BCMR decision. To the extent judicial review of such decisions is permitted, the Court notes that James's claims do not seek review of any such decisions. Instead, he seeks money damages for injuries he claims occurred because of the processes employed in his discharge. Even if there was an administrative procedure for him to seek review of the discharge, the Court is not aware of any statutory authority that permits him to seek money damages under that circumstance. And as discussed below, even if such a claim for money damages did exist, jurisdiction would only lie with the Court of Federal Claims, not the U.S. District Court. *See* 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(2).

In sum, none of these provisions create any viable cause of action, and none waive the sovereign immunity of Defendants. Accordingly, this Court finds no grounds for jurisdiction in the 35 provisions cited by James.

    **C.    This Court does not have jurisdiction over James's non-tort claims for money damages exceeding $10,000.**

Even if any of the statutes cited by James authorized a private cause of action, this Court would not have jurisdiction to hear those claims as pleaded. All of James's claims (other than those against the VA for denial of benefits, which are discussed separately below) seek money damages in excess of $75,000. Doc. 1 at 3-13. The district court's jurisdiction over non-tort claims against the United States for money damages is limited to claims for less than $10,000. 28 U.S.C. § 1346(a)(2); *Colo. Dept. of Highways v. U.S. Dept. of Trans.*, 840 F.2d 753, 755 (10th Cir. 1988). For such claims against the United States seeking monetary relief in excess of $10,000, and which are based on the Constitution, federal statute, executive regulation, or a government contract, exclusive jurisdiction lies with the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1); *Colo. Dept. of Highways*, 840 F.2d at 755. Because James is seeking in excess of $75,000 on each of his claims, and they are based on various statutes and regulations, and, in one instance, a government contract, *see* Doc. 1 at 12, jurisdiction would lie in the Court of Federal Claims, not the U.S. District Court—if the cause of action existed.

    **D.    James's tort claims are barred by the *Feres* doctrine or are otherwise invalid.**

Many of James's claims appear to be putative tort claims. Doc. 1 at 3-13 (asserting claims for "restriction to employment," neglect, false statement, libel, slander, malice, and personal injury). Although he does not explicitly invoke the Federal Tort Claims Act ("FTCA"), it is the FTCA that waives sovereign immunity for tort actions against the United States and gives this Court jurisdiction over those claims. *See F.D.IC.*, 510 U.S. at 475.

7

Under the FTCA, certain types of tort claims are not permitted, including claims for libel, slander, misrepresentation, deceit, or interference with contract rights. *See* 28 U.S.C. § 2680(h). Accordingly, James's purported claims for libel and slander are specifically prohibited by the FTCA, and the Court therefore lacks jurisdiction over those claims.

More problematic for James is the fact that all his putative tort claims are connected to his active duty service and subsequent discharge from the Coast Guard. Indeed, the primary wrong alleged by James is the discharge itself. In *Feres v. United States*, the Supreme Court held that the government "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950). Over the years, the *Feres* doctrine has been expanded. It now "encompass[es], at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military." *Pringle v. United States*, 208 F.3d 1220, 1223-24 (10th Cir. 2000) (quoting *Persons v. United States*, 925 F.2d 92, 296 n.7 (9th Cir. 1991) (emphasis in original). "Practically any suit that implicates the military[']s judgments and decisions runs the risk of colliding with *Feres*." *Id.* at 1224 (quoting *Dreier v. United States*, 106 F.3d 844, 848 (9th Cir. 1997)). The theory behind *Feres* especially counsels caution where the case would "require[] the civilian court to second-guess military decisions . . . ." *Id.* at 1227 (quoting *United States v. Shearer*, 473 U.S. 52, 57 (1985)).

Under *Feres* and its progeny, any purported tort claim premised on James's active duty service and discharge are clearly barred. James attempts to parse *Feres* by stating that "[t]he originating actions, having taken place in service, lead to the injury effective the date of discharge, thus the Plaintiff was not in service at the time of the injury." Doc. 26 at 23. But this overlooks the

fact that *Feres* applies to all injuries related to a plaintiff's status as a member of the military. *Pringle*, 208 F.3d at 1223-24.

It is clear from the face of the complaint that James's putative tort claims fall squarely under the *Feres* doctrine. His claims arise directly from the Coast Guard's decisions regarding his fitness for service and subsequent decision to discharge him. This is precisely the type of claim the Supreme Court has found falls outside the bounds of the FTCA, as it "goes directly to the 'management' of the military; it calls into question basic choices about the discipline, supervision, and control of a serviceman." *Shearer*, 473 U.S. at 58.

Accordingly, *Feres* prevents James's purported tort claims from going forward under the FTCA. This Court therefore lacks jurisdiction over any purported tort claims alleged in the complaint.[5]

### E. This Court does not have jurisdiction to review a denial of VA benefits.

The last several claims in James's complaint all relate to the denial, at various times, and in various ways, of VA benefits. James phrases the claims in different ways—"neglect/violation" of a federal or agency regulation, "neglect/violation to reasonable proceedings," "neglect/violation to good faith efforts," "restrictions to employment," and "refusing to accept documents of fact for evidence," Doc. 1 at 13-19—but at the core, these allegations all seek redress for the denial of VA benefit claims. *See Weaver*, 98 F.3d at 520 (rejecting labels like "conspiracy," "fraud," and

---

[5] Even if *Feres* did not apply, James has not pleaded any facts or allegations that he has exhausted administrative remedies as to any putative FTCA claim. *See* 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a prerequisite to an FTCA action. *Lopez v. United States*, 823 F.3d 970, 975-77 (10th Cir. 2016). In his response to the motion to dismiss, James states that "[s]ince the Defendants admitted to committing reversible error in 2005, by way of BCMR, which resulted in the discharging of the Plaintiff from Military Service, the FTCA requirement to an administrative claim was fulfilled." Doc. 26 at 22. But proceeding through a separate administrative procedure to correct or amend military records is distinct from presenting a tort claim to an agency for adjudication under the FTCA. *See Lopez*, 823 F.3d at 976.

"misrepresentation" in concluding that the substance of the claim was "nothing more than a challenge to the underlying benefits decision").

This Court lacks jurisdiction to review any decision by the VA affecting the award or withholding of benefits. *See* 38 U.S.C. § 511(a); *see also Weaver*, 98 F.3d at 519-20; *Nails v. Slusher*, 628 F. App'x 625, 625 (10th Cir. 2016); *Turner*, 501 F. App'x at 843; *Scherer v. United States*, 55 F. App'x 517, 517 (10th Cir. 2003).

Accordingly, James's challenge of any VA benefits decision fails for lack of subject-matter jurisdiction.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' Motion to Dismiss Complaint (Doc. 21) is GRANTED.

IT IS SO ORDERED.

DATED: May 23, 2019 /s/ Holly L. Teeter
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE